UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLINT DRAPER,<br><br>   Plaintiff,<br><br>   v.<br><br>J. LEWIS, et al.,<br><br>   Defendants. | No. 2: 16-cv-1956 JAM KJN P<br><br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. <u>Application to Proceed in Forma Pauperis</u>

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned recommends summary dismissal of the complaint.

II. <u>Screening</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
10 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
11 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
12 1227.
13      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
14 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
15 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
16 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
17 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
18 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
19 sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific
20 facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
21 the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93
22 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).
23 In reviewing a complaint under this standard, the court must accept as true the allegations of the
24 complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
25 favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
26 grounds, Davis v. Scherer, 468 U.S. 183 (1984).
27 ////
28 ////

III. Complaint

Plaintiff alleges that defendants California Correctional Health Care Services ("CCHCS") and Deputy Director J. Lewis breached the confidentiality of his personal information and medical records when an unencrypted laptop was stolen from the vehicle of a CCHCS employee. Plaintiff alleges he is now exposed to potential identity theft as a result of defendants' negligence. Attached to the complaint is a letter from CCHCS notifying plaintiff of this "potential breach." The letter states that it is unknown if "any sensitive information was contained in the laptop" and that the laptop was password protected. Plaintiff asserts a violation of the Fourth, Fifth and Fourteenth Amendments. He seeks damages as relief.

IV. Analysis

A. Eleventh Amendment

Defendant CCHCS is not a proper defendant. State agencies, such as CDCR and CCHCS, are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).

B. Standing—Fourth Amendment Claims

For the reasons stated herein, plaintiff does not have standing to bring his Fourth Amendment claim against defendant Lewis.

Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiff [ ] 'must establish that [he has] standing to sue.'" Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818(1997)). To satisfy Article III standing, plaintiff must have suffered an injury in fact -- an invasion of a legally

3

protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation marks, brackets and ellipses omitted).

"HIPAA[1] itself does not provide for a private right of action."  Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")).

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper, 133 S. Ct. at 1147 ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted).

Plaintiff's allegations are based upon a notification which states that it is unknown whether *any* sensitive information is contained in the laptop and that even if there is sensitive information in the laptop, the scope of the information, including whether any of plaintiff's information is contained therein, is unknown.  In other words, whether plaintiff's sensitive information has been compromised is unknown.  Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information.  Thus, his claim for violation of his constitutional right to informational privacy should be dismissed without prejudice for lack of standing.  See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006)

---

[1]  Health Insurance Portability and Accountability Act of 1996.

1   (dismissal for lack of standing is without prejudice).

2         C.  Fifth and Fourteenth Amendment Claims

3   Plaintiff alleges that defendants violated his Fifth Amendment rights by potentially taking
4   his "property," i.e., his personal information on the laptop.  In a related claim, plaintiff alleges
5   that he was deprived of due process, in violation of the Fourteenth Amendment, prior to the
6   taking of the laptop.

7   The undersigned does not understand plaintiff's Fifth and Fourteenth Amendment claims.
8   In any event, it does not appear that plaintiff can state potentially colorable Fifth and Fourteenth
9   Amendment claims based on the facts alleged.  Moreover, for the reasons discussed above, it
10  seems unlikely that plaintiff has standing to raise these claims.  For these reasons, the undersigned
11  finds that plaintiff has not stated potentially colorable Fifth and Fourteenth Amendment claims.

12  V.  No Leave to Amend

13  If the court finds that a complaint should be dismissed for failure to state a claim, the court
14  has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-
15  30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the
16  defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see
17  also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
18  leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
19  clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.
20  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear
21  that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.
22  Cato, 70 F.3d at 1005-06.

23  The undersigned finds that, as set forth above, plaintiff lacks standing to bring his Fourth
24  Amendment claims and that amendment would be futile because the notification on which
25  plaintiff's allegations are based establishes only speculative injury that is neither real nor
26  immediate.  In addition, plaintiff cannot cure the pleading defects with respect to his Fifth and
27  Fourteenth Amendment claims.   Accordingly, the undersigned recommends that this action be
28  dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is granted; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 12, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dr1956.fr